NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0298n.06

No. 24-3835

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |
|---|---|
| BRIAN OSWALD, | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| LAKOTA LOCAL SCHOOL BOARD, | ) |
| Defendant-Appellee. | ) |
| | ) |

**FILED**
Jun 13, 2025
KELLY L. STEPHENS, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

OPINION

Before: CLAY, KETHLEDGE, and STRANCH, Circuit Judges.

KETHLEDGE, Circuit Judge. Brian Oswald appeals the district court's grant of summary judgment to the Lakota Local School Board on his claim that the board violated his First Amendment rights. We affirm.

In 2021, Brian Oswald spoke during the public-comment portion of three Lakota school board meetings. In June, he denounced critical race theory. In August, he denounced the school's mask mandate. And in September he spoke again to oppose the mask mandate. At that meeting, however, he turned his back on the board and addressed his comments toward audience members—rather than to the presiding officer, as the board's public-comment policy required.

During the remarks, Board President Kelley Casper warned Oswald six times that the policy required him to address his comments to the presiding officer. Six times, Oswald ignored her. Casper then asked a police officer to remove Oswald from the meeting for failure to obey the board's public-comment policy. The officer approached Oswald, but Oswald left the podium and

stood in the back of the room for approximately fifteen minutes before returning to his seat for the rest of the meeting.

Oswald later brought this lawsuit against the school board, alleging that its public-comment policy violated the First Amendment. He sought an injunction and damages. The board moved for summary judgment, which the district court granted. This appeal followed.

Before addressing the merits, we must ensure that Oswald has standing to pursue each type of relief he seeks. *See Summers v. Earth Island Institute*, 555 U.S. 488, 493 (2009). To establish standing, Oswald must show, as relevant here, that he has suffered an injury—the invasion of a legally protected interest. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). We agree with the district court that, for standing purposes, Oswald has established an injury with respect to his damages claim. To receive a forward-looking injunction, however, a plaintiff must also show that he is "likely to suffer future injury" from the policy at issue. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983). Here, Oswald testified in a deposition that he had no plans to speak at a future board meeting. Absent any "description of concrete plans" to do so, he lacks standing to seek an injunction, and the district court properly denied his request for injunctive relief. *See Lujan*, 504 U.S. at 564.

On the merits of his damages claim, Oswald argues that the school board violated his First Amendment right to free speech when it enforced its public-comment policy against him. Under the First Amendment, the limits that the government may impose on speech depend on the type of forum in which the speech occurs. *Ison v. Madison Local Sch. Dist. Bd. of Educ.*, 3 F.4th 887, 893 (6th Cir. 2021). The public-comment period of a school board meeting is a limited public forum. *Lowery v. Jefferson Cnty. Bd. of Educ.*, 586 F.3d 427, 432 (6th Cir. 2009). In a limited public forum, the government opens its property "for the discussion of certain topics." *Rosenberger v.*

*Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 829 (1995). There, the government may regulate the time, place, and manner of speech—so long as the regulation is content neutral, narrowly tailored to serve a significant government interest, and leaves open ample alternative channels to communicate. *Perry Educ. Ass'n v. Perry Local Educators Ass'n*, 460 U.S. 37, 45 (1983).

Here, Oswald may challenge only the portion of the public-comment policy that the board enforced against him—namely, the requirement that speakers address their comments to the board. Oswald says that the board used the policy as a pretext to suppress speech critical of its masking policy. But Casper's sworn statement says otherwise. She said that she interrupted Oswald only "because he repeatedly violated the policy's requirement of directing statements to the presiding officer," which "was disruptive to the conduct of the meeting"—not because she objected to the content of what he had said. Indeed, Oswald had criticized the board—including about the masking policy—at two prior meetings without incident. (Both times, he had addressed his comments to the presiding officer, as the policy required.) Only when he addressed his comments to the audience—and ignored six warnings to address them to the board—did the board enforce its policy. And Oswald otherwise offers only speculation to support his assertion that the board had some ulterior motive here. On this record no reasonable jury could find that the board's enforcement of its policy at the September 2021 meeting was impermissible viewpoint discrimination. Oswald has therefore failed to create a genuine dispute of material fact about the policy's content neutrality. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). And on appeal he has contested neither that the policy serves a significant government interest nor that it leaves open other channels to communicate. Hence the board was entitled to summary judgment.

The district court's judgment is affirmed.